UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ARI DAIE,

                **Plaintiff,**                        **1:26-cv-02338**

                **-against-**                        **COMPLAINT**

PENN CREDIT CORPORATION,

                **Defendant.**
------------------------------------------------------------------x

Plaintiff ARI DAIE ("Plaintiff"), by and through his undersigned counsel, Mallon Consumer Law Group, PLLC, brings this action against Defendant PENN CREDIT CORPORATION ("Penn Credit"), and alleges the following, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendant Penn Credit for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. et seq. by engaging in unfair, deceptive, and abusive debt collection practices, including placing an alleged debt on Plaintiff's credit reports without first notifying him that the debt was in collections or providing him with legally required disclosures notifying Plaintiff of his right to dispute the alleged debt.

2. Plaintiff further alleges that, as a direct and proximate result of Defendant's unlawful actions, conduct, and omissions, Plaintiff suffered actual damages including, *but not limited to*, damage to his credit, financial harm, emotional distress, expenditure of time and resources, annoyance, aggravation, and frustration.

3. Plaintiff brings this action for actual and statutory damages, as well as for statutory attorney's

1

fees and costs, pursuant to the FDCPA, 15 U.S.C. § 1692 et seq.

## JURISDICTION AND VENUE

4. The jurisdiction of this Court is conferred by 28 U.S.C. § 1331, as this action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. Plaintiff, a natural person, is a resident of the State of New York and Suffolk County, and qualifies as a "consumer" within the meaning of the Fair Debt Collection Practices Act ("FDCPA"). See 15 U.S.C. § 1692a(3).

8. Defendant Penn Credit Corporation is a professional association duly authorized and qualified to do business in the State of New York. At all relevant times, Penn Credit qualifies as a "debt collector" within the meaning of the FDCPA. See 15 U.S.C. § 1692a(6).

## FACTUAL BACKGROUND

9. Plaintiff previously resided at 54 King St., New York, NY.

10. Plaintiff moved out of 54 King St. in September 2024.

11. After Plaintiff moved out Con Edison incorrectly updated Plaintiff's account information, adding an incorrect address, phone number and email address to Plaintiff's account.

12. Accordingly Con Edison began sending Plaintiff's final bill in the amount of $10,244 to the wrong address.

13. Con Edison never contacted Plaintiff to inform him of his final bill or to let Plaintiff know

that his bill had become overdue before deciding to assign the account to Penn Credit, a third-party debt collector.

14.  Accordingly, Plaintiff was unaware that Con Edison was seeking payment from him until he received a credit alert from Experian that Penn Credit placed the Con Edison bill on his account as a charged off collection account, and therefore was never given the opportunity to pay the alleged debt before it was sent to collections.

15.  Plaintiff has suffered harm as a result of Defendant's conduct. The placement of the Penn Credit collections account on his credit report caused a dramatic drop in Plaintiff's credit score and caused Plaintiff significant emotional distress, expenditure of time and resources, annoyance, aggravation, and frustration.

## FIRST CAUSE OF ACTION
VIOLATION OF THE FDCPA

16.  Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

17.  Defendant is a debt collector as defined in 15 U.S.C. § 1692(a)(6).

18.  Defendant furnished information regarding the alleged debt to one or more consumer reporting agencies before communicating with Plaintiff about the debt.

19.  Federal law prohibits a debt collector from furnishing information about a debt to a consumer reporting agency unless the debt collector has first communicated with the consumer about the debt. See 12 C.F.R. § 1006.30(a).

20.  By reporting the alleged debt to a consumer reporting agency before communicating with Plaintiff, Defendant engaged in a false, deceptive, or misleading representation or means in

connection with the collection of a debt in violation of 15 U.S.C. § 1692e, including but not limited to 15 U.S.C. § 1692e(2)(A) and 15 U.S.C. § 1692e(8).

21. Placement of the debt on Plaintiff's credit reports also constituted an indirect "communication" within the meaning of 15 USC § 1692a(2).

22. Defendant violated 15 U.S.C. § 1692g(1) by failing to send Plaintiff the notice required under that section within five days after the initial communication with Plaintiff.

23. Plaintiff has suffered harm as a result of Plaintiff's violations of the FDCPA including but not limited to economic harm and emotional distress.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated: March 23, 2026

Respectfully submitted,

Kevin C. Mallon
550 Kinderkamack Road
Oradell, NJ. 07649
(646) 713-1008
kmallon@consumerprotectionfirm.com
*Attorneys for the Plaintiff*

4